Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUSTAVO VAQUERO, | Case No.: 20 cv 10228 |
| Plaintiff, | |
| -against- | **COMPLAINT in an FLSA ACTION** |
| SHIN RESTAURANT, INC., *doing business as* ISE RESTAURANT, and NISHIGAKI MANABU, individually, | ECF CASE |
| Defendants. | |

Plaintiff, Gustavo Vaquero ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Shin Restaurant, Inc., *doing business as* ISE Restaurant, (herein, "ISE"), located at 63 Cooper Square, New York, New York, 10003; and Nishigaki Manabu, individually (all defendants collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### THE PLAINTIFF

5.      Plaintiff is an adult resident of Kings County, New York.

6.      Plaintiff was an employee of Shin Restaurant, Inc., doing business as ISE Restaurant, in New York County, New York, beginning in or about 2001, through October 12, 2019, without interruption.

### THE DEFENDANTS

7.      At relevant times, Defendant, Shin Restaurant, Inc., doing business as ISE Restaurant, was and is a domestic business entity organized and existing under the laws of the State of New York, located at 63 Cooper Square, New York, New York 10003.

8.      Defendant Nishigaki Manabu is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant Shin Restaurant, Inc., who

2

actively participated, and continues to participate in the day-to-day operations of the corporation, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Shin Restaurant, Inc.

9.       The individual defendant Nishigaki Manabu, exercised control over the terms and conditions of Plaintiff's employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

10.       Defendant, Nishigaki Manabu, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

11.       Defendant Nishigaki Manabu exercised sufficient control over ISE's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law.

12.       Defendant, Nishigaki Manabu, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

13.       Defendant, Nishigaki Manabu, exercised sufficient control over ISE's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law.

14.     Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant Shin Restaurant, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15.     At all relevant times, ISE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16.     Defendants employed Plaintiff in New York County, New York, as a cook / kitchen helper.

17.     The work performed by Plaintiff was directly essential to the restaurant business operated by the corporate and individual Defendants.

18.     At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

19.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

21.     Plaintiff, Gustavo Vaquero, was employed by Defendants in New York County, New York, as a cook and kitchen helper, at Defendants' Japanese restaurant known as "ISE", beginning in 2001 through October 12, 2019, when he was injured at work.

22.     During his employment, Plaintiff Gustavo Vaquero worked over forty (40) hours per week.

23.     During the times relevant to this action, Plaintiff Gustavo Vaquero worked six (6) days per week. He was scheduled to work the following hours:

| Tuesdays | 10:00 a.m. – 3:00 p.m.; 5:00 p.m. – 10:00 p.m. (10 hours) |
| Wednesdays | 10:00 a.m. – 3:00 p.m.; 5:00 p.m. – 10:00 p.m. (10 hours) |
| Thursdays | 10:00 a.m. – 3:00 p.m.; 5:00 p.m. – 10:00 p.m. (10 hours) |
| Fridays | 10:00 a.m. – 3:00 p.m.; 5:00 p.m. – 11:00 p.m. (11 hours) |
| Saturdays | 10:00 a.m. – 3:00 p.m.; 5:00 p.m. – 11:00 p.m. (11 hours) |
| Sundays | 5:00 p.m. – 9:30 p.m. (4.5 hours) |

24.     Plaintiff worked in excess of fifty-six (56) hours per week. His days off were Mondays.

25.     During the more three (3) years of his employment (2016 – 2019), Plaintiff was paid a weekly salary of six hundred dollars ($600.00), for all hours worked.

26.     Prior to 2016, Plaintiff was paid a weekly salary of five hundred dollars ($500.00), for all hours worked.

27.     Plaintiff was not paid hourly and he was paid in cash.

28.     Plaintiff did punch a clock but he was not paid based upon his working hours.

29.     Plaintiff was paid without overtime compensation. He was required to sign a notebook for his wages.

30.     Plaintiff was paid by cash, and he worked directly for the corporate and individual Defendants.

31.     Plaintiff was not paid wages for all hours worked, or overtime compensation.

32.     At all times throughout his employment, work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

33.     Plaintiff was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. He was required to sign for his pay but the document did not accurately provide an accounting of his hours and pay and he did not receive a copy.

34.     Plaintiff was not a tipped employee.

35.     At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

36.     Plaintiff was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, an hourly rate calculation, any deductions, and compensation. As such, any records which Defendants may have may be inaccurate or false.

37.     Plaintiff was not provided a "wage statement" or pay stub with his weekly compensation.

**STATEMENT OF CLAIM**
**COUNT I**
**[Violation of the Fair Labor Standards Act]**

38.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41.     Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

42.     Plaintiff worked hours for which he was not paid any wages.

43.     Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum wage, for all hours worked in excess of forty (40) each workweek.

44.     The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

45.     At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

47.     The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other

conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.     Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

49.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

52.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

53.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.     At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

55.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for all hours worked.

56.     The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-

half times his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

57.     Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.  This occurred five (5) shifts per week.

58.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

59.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

61.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

62.     Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

63.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

64.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

65.     Plaintiff was not provided with true and accurate wage statements as required by law.

66.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

67.     As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

68.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

10

(c)     An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       December 4, 2020

                          Respectfully submitted,

                          CILENTI & COOPER, PLLC
                          **Counsel for Plaintiff**
                          10 Grand Central
                          155 East 44th Street – 6th Floor
                          New York, NY 10017
                          Telephone  (212) 209-3933
                          Facsimile  (212) 209-7102
                          pcooper@jcpclaw.com

By:     _____
                          Peter Hans Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Gustavo Vaquero_____, am an employee currently or

formerly employed by _____ISE Restaurant_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____11 / 5_____, 2020